## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

THOMAS ERICKSON,                                       Civil No. 05-716 (JRT/RLE)

                    Plaintiff,

v.                                                     **ORDER**

KOOCHICHING COUNTY,
KOOCHICHING COUNTY SHERIFF
DEPARTMENT, KOOCHICHING
COUNTY ATTORNEY JENNIFER
HASBARGEN, DUANE NELSON, JOHN
DEMUTH, JOHN MASTIN, GARY
JENSEN, PETER KALAR, FLORENCE
HERVEY, KIM MILLETTE, MARY LOU
JENSEN, LYNN ROGERS, BARB
PAULBECK, SCOTT WHERELY,
DENNIS HUMMITZSCH, SUSAN
TINDAL, PAUL REUVERS, IVERSON
REUVERS LLC, CHARLES LEDUC,
BRUCE BIGGINS, and JOHN and JANE
DOES 1-5,

                    Defendants.

    Thomas Erickson, 54277 Sheephead Road Northeast, Waskish, MN 56685, plaintiff *pro se*.

    Paul D. Reuvers and Susan M. Tindal, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants Koochiching County, Koochiching County Sheriff Department, Koochiching County Attorney Jennifer Hasbargen, Duane Nelson, John DeMuth, John Mastin, Gary Jensen, Peter Kalar, Florence Hervey, Kim Millette, Mary Lou Jensen, Lynn Rogers, Barb Paulbeck, Scott Wherely, Dennis Hummitzsch, Susan Tindal, Paul Reuvers, Iverson Reuvers LLC, and John and Jane Does, 1-5.

John S. Garry, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for defendant Charles LeDuc.

Bruce R. Biggins, **BIGGINS & CHOI, PLLP**, 309 Third Street, International Falls, MN 56649, for defendant Bruce Biggins.

Plaintiff Thomas Erickson commenced this action on April 8, 2005, alleging violations of his Constitutional Rights, as well as a number of other common law and statutory violations. On March 22, 2006, this Court granted defendants' motions to dismiss.[1] Erickson now moves to set aside the Court's March 22, 2006 Order under Rule 60 of the Federal Rules of Civil Procedure, and requests leave to amend his complaint.

Under Rule 60(b), the court may relieve a party from an order under certain circumstances, including mistake, newly-discovered evidence, or fraud. Here, Mr. Erickson fails to allege any facts showing that he is entitled to relief under Rule 60, rather, he simply restates arguments that were previously rejected by the Court. Therefore, the Court finds that Rule 60 relief is not available to the plaintiff in this case.

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Erickson's Motion to Set Aside Order [Docket No. 273] and Request for Leave to Amend [Docket No. 299] are **DENIED**.

DATED: May 11, 2006　　　　　　　　　　　　s/John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] *See* Docket Nos. 270, 231.